PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. LUIS ROSADO, Defendant and Appellant.

No. 2797.    Argued June 15, 1926.—Decided July 13, 1926.

Leopoldo Tormes for the appellant.    José E. Figueras, Fiscal, for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court. Appellant submits that—

"1. The court below committed a serious error in entertaining an information signed in his own name by Pedro Rodríguez Serra as assistant district attorney, when it appears that such accusation is made by the district attorney, an assistant prosecuting attorney having no power to present informations over his own signature.

"2. The court erred in deeming the information sufficient, notwithstanding the fact that it was defective and that the defendant objected thereto.

"3. The judgment in the instant case is contrary to law."

■ The first point has been decided adversely to the contention of appellant in *People* v. *Arzola,* opinion and judgment of even date herewith, *ante,* page 670.

The theory of the demurrer below and of the brief on appeal is that the information does not contain such a clear and concise statement of facts as would enable a person of ordinary intelligence to understand the nature of the crime intended to be charged and the manner in which the same was claimed to have been committed. In support of this suggestion appellant quotes from *People* v. *Hood,* a California case, without specifying the volume in which the same is reported, to the effect that "an indictment for arson, charging that the accused 'did on a certain day burn, or cause to be burned, a certain dwelling house,' is bad, because the charge is laid in the alternative, whereas it should be special. An indictment should set forth the facts and circumstances of the alleged offense so that the accused may be prepared for his defense."

Appellant also cites in this connection 31 C. J., sec. 181, pp. 663, 664, where we find the following:

"The general rule is well settled that an indictment or information must not charge a party disjunctively or alternatively in such manner as to leave it uncertain what is relied on as the accusation against him. Two offenses can not be alleged alternatively in the same count. As a general rule, where a statute specifies several means or ways in which an offense may be committed in the alternative, it is bad pleading to allege such means or ways in the alternative. But where terms laid in the alternative are synonymous, the indictment is good; and where a statute, in defining an offense, uses the word 'or' in the sense of 'to wit', that is, in explanation of what precedes, making it signify the same thing, the indictment may follow the words of the statute. An indictment is not vitiated by an alternative statement in matter which may be rejected as surplusage, or which is not connected with the charge or definition of the offense, or is merely an aggravation."

The information in the instant case charges a violation

of section 1 of an act "providing punishment for the adulteration of milk, and for other purposes" and specifies that—

"The said Luis Rosado, on October twenty-two, nineteen hundred and twenty-five, in the city of Ponce, Porto Rico, which is a part of the judicial district of that same name, unlawfully, wilfully and intentionally kept for sale, offered to sell and did sell adulterated milk."

It is not contended that the information charged more than one offense. On the contrary, appellant in his brief concedes that the several acts enumerated are but so many different varieties of the same offense. These several acts are imputed to defendant conjunctively, not disjunctively.

■ Appellant seems to have overlooked the fact that the information follows the language of the statute only in so far as the use of the words descriptive of the acts enumerated are concerned, but substitutes the conjunction "and" for the disjunctive "or" of the statute. The difference is that where the disjunctive particle is used the defendant has no means of anticipating which of the several acts in question will be relied upon by the prosecution at the trial; while the use of the word "and" plainly implies a purpose to prove not one or more but all of the acts alleged.

"It is a well settled rule of criminal pleading that, when an offense against a criminal statute may be committed in one or more of several ways, the indictment or information may, in a single count, charge its commission in any or all of the ways specified in the statute. So where a penal statute mentions several acts disjunctively and prescribes that each shall constitute the same offense and be subject to the same punishment, an indictment or information may charge any or all of such acts conjunctively as constituting a single offense." 31 C. J. sec. 325, p. 764. See also *People v. Rivera, alias Panchito*, 7 P.R.R. 325.

The third proposition contained in the assignment is submitted by the appellant as a corollary of those preceding it and therefore does not demand further consideration.

The judgment appealed from must be affirmed.